UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL KANE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION, and DOES 1 to 50,<br><br>　　　　　　　　Defendants. | Case No.: 17cv02581-JAH-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Doc. No. 2]** |

**INTRODUCTION**

    Plaintiff, Russell Kane, originally filed a complaint in Superior Court on November 27, 2017, asserting claims for breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress and intentional infliction of emotional distress. Plaintiff names United Services Automobile and Does 1 through 50 as defendants. Plaintiff alleges he was severely injured in an automobile accident on August 15, 2013, and opened an Underinsured Motorist ("UIM") claim with Defendant, with whom he had entered into a contract for insurance, and Defendant refused to make an attempt to settle the claim, and fraudulently and maliciously withheld benefits due under the policy. Complaint ¶¶ 11, 16, 25, 48, 51, 56 (Doc. No. 1-2).

1

Defendant removed the action to federal court on December 28, 2017. Thereafter, Defendant filed the pending motion to dismiss. Plaintiff filed a response and Defendant filed a reply. Finding the matter suitable for disposition on the papers, the Court took the matter under submission.

## LEGAL STANDARD

Defendant seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most

favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant moves to dismiss the second cause of action for negligent infliction of emotional distress and the third cause of action for intentional infliction of emotion distress. Defendant argues, under California law, Plaintiff cannot pursue his negligent infliction of emotion distress claim because the parties have a contractual relationship. Additionally, Defendant argues Plaintiff fails to plead the necessary elements for intentional infliction of emotional distress.

**I. Negligent Infliction of Emotional Distress**

Defendant argues Plaintiff's claim for negligent infliction of emotional distress is not cognizable because negligent infliction of emotional distress does not exist as an independent tort and, instead, is simply negligence. Defendant contends Plaintiff attempts to impose negligence liability against it based on its handling of his claim, but, under California law, a plaintiff may not pursue negligence claims against an insurer on those grounds. Defendant also contends Plaintiff only provides conclusory statements that he suffered serious emotional distress. Defendant argues Plaintiff's claim for negligent infliction of emotional distress fails.

3

Plaintiff argues, in opposition, Defendant owed him a duty, under California law, to deal with him in good faith. He maintains he sufficiently pleads, with specificity, facts concerning the emotional distress underlying his cause of action and specifically alleges a course of conduct by Defendant which evinced a conscious disregard for his rights, including, repeatedly refusing to make any offers on his UIM.

In reply, Defendant argues Plaintiff fails to cite any support for his contention that his claim for negligent infliction of emotional distress is a proper cause of action against an insurer for alleged claim mishandling.[5]

Under California law, "[t]he negligent causing of emotional distress is not an independent tort but the tort of negligence." Marlene F. v. Alliance Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 588 (1989) (quoting 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 838, p. 195). Thus, the traditional elements of duty, breach of duty, causation, and damages apply. Id. Whether a defendant owes a duty of care is a question of law. Id. "Absent the existence of duty . . .there can be no breach and no negligence." Nichols v. Keller, 15 Cal. App. 4th 1672, 1683 (1993).

In support of its contention that Plaintiff cannot assert a claim for negligent infliction of emotional distress based upon the mishandling of his claim, Defendant cites to cases addressing claims for breach of the implied covenant of good faith and fair dealing,[6] and *dicta* in an action addressing whether an insurer may be liable to a non-insured third party for negligent performance of its indemnity obligations.[7] Defendant also cites to cases addressing a third party's failure to establish a duty in support of their negligent infliction

---

[5] Defendant also argues Plaintiff fails to plead causation. The Court will not address this argument because it is a new argument not made in the motion and for which Plaintiff did not have an opportunity to address. See Zamani v. Carnes, 491 F.3d 990, 997 (2007).
[6] Aceves v. Allstate Ins. Co., 68 F.3d 1160 (9th Cir. 1995); National Life & Accident Insurance Company v. Edwards, 119 Cal.App.3d 326 (1981); Century Surety Co. v. Polisso, 139 Cal.App.4th 922 (2006).
[7] Adleman v. Associated Intern. Ins. Co., 90 Cal.App.4th 352 (2001).

4

of emotional distress claim against the tortfeasor's insurance company and an employee's family's claim against the employer's worker's compensation carrier.[8] The Court does not find these clearly distinguishable cases persuasive. Furthermore, courts have permitted negligent infliction of emotional distress claims against an insurer based on alleged mishandling of an insured's claim for policy benefits under California law. See <u>Johnson v. Mutual Benefit Life Ins. Co.</u>, 847 F.2d 600 (9th Cir.1988) (discussing insured's negligent infliction of emotional distress claim against insurer); <u>Bogard v. Employers Casualty Co.</u>, 164 Cal.App.3d 602 (1985) (recognizing insureds' negligent infliction of emotional distress claim against insurer). As such, Defendant's motion to dismiss the negligent infliction of emotional distress claim as a matter of law is DENIED.

Defendant also seeks to dismiss the claim for failure to allege sufficient facts demonstrating Plaintiff suffered severe emotional distress. "Serious emotional distress is an essential element of a cause of action for negligent infliction of emotional distress." <u>Kelly v. General Telephone Co.</u>, 136 Cal.App.3d 278, 286 (1982). In the complaint, Plaintiff alleges he suffered "depression, anxiety, sleeplessness, irritability, financial stress, nervousness, humiliations and grief, beyond what a reasonable person would be able to cope with." Complat ¶ 52. The Court finds Plaintiff sufficiently alleges severe emotional distress. Accordingly, Defendant's motion to dismiss Plaintiff negligent infliction of emotional distress claim is DENIED.

## II. Intentional Infliction of Emotional Distress

Defendant argues the claim for intentional infliction of emotional distress fails because Plaintiff's allegations that Defendant misrepresented the applicable statute of limitations and advised him against retaining counsel do not rise to the level of outrageous conduct by an insurer. Defendant contends Plaintiff simply reiterates his first cause of action for breach of the implied covenant, but titles it intentional infliction of emotional

---

[8] <u>Krupnick v. Hartford Accident and Indemnity Co.</u>, 28 Cal.App.4th 185 (1994); <u>Soto v. Royal Globe Ins. Corp.</u>, 184 Cal.App.3d 420 (1986).

5

distress. Defendant further contends Plaintiff fails to allege any extreme or outrageous conduct sufficient to state a claim for intentional infliction of emotional distress, fails to include any allegations regarding Defendant's intent to cause harm him, and fails to sufficiently allege he suffered emotional distress.

Plaintiff argues the underlying insurance contract created a position of power over him because Defendant had the power to investigate, to determine liability, and to remit payment, and the sensitive nature of the relationship between the parties is supported by the fact that the insurer owes the insured a fiduciary duty. He further argues, after he opened his UIM claim, Defendant took advantage of its position of authority by wrongfully delaying the UIM claim when liability was reasonably clear, intentionally withholding benefits at a time when Defendant knew, or should have known that Plaintiff and his wife had their first child approximately one month after the motor vehicle accident, and as a result Plaintiff was more susceptible to injury due to emotional distress, Plaintiff was unable to do his job and declared he was temporarily totally disabled and his income decreased to $0 the second year following the accident. He maintains the complaint alleges, in detail, his severe emotional distress, including depression, anxiety, sleeplessness, irritability, financial stress, nervousness, humiliation and grief, beyond what a reasonable person would be able to cope with. Additionally, Plaintiff maintains his communications with Defendant became increasingly desperate, and as a result of Defendant's delay, he was forced to liquidate his assets, enroll in Medi-Cal, and receive threatening calls from collections agencies.

In reply, Defendant argues the complaint alleges Defendant made a prompt determination of liability. Defendant maintains even if liability was not disputed, it does not mean the nature and extent of Plaintiff's injuries were not disputed, and it cannot be expected to remit payment without an investigation. Defendant also argues Plaintiff's argument regarding the existence of a fiduciary duty is irrelevant because he does not assert a claim for breach of fiduciary duty. Additionally, Defendant argues Plaintiff's allegations

6

17cv02581-JAH-AGS

regarding misleading him as to the applicable statute of limitations and advising him not to obtain an attorney do not rise to the level of outrageous conduct by an insurer.

To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts showing: (1) extreme and outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress. Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004); Christensen v. Superior Court, 54 Cal.3d 868, 903-04 (1991). "Outrageous conduct" is that which exceeds all bounds usually tolerated by a decent society, and is of a nature which is especially calculated to cause, and does cause, mental distress. McDaniel v. Gile, 230 Cal.App.3d 363, 372 (1991). While the issue of outrageousness is normally an issue of fact to be determined by the trier of fact, the court may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Trerice v. Blue Cross of California, 209 Cal.App.3d 878, 883 (1989).

In support of the intentional infliction of emotional distress claim, Plaintiff alleges

> DEFENDANT intentionally failed to deal with PLAINTIFF in good faith by including, but not limited to, engaging in outrageous conduct by unreasonably, maliciously, oppressively and fraudulently withholding benefits under PLAINTIFF's policy by refusing to negotiate in good faith, ignoring evidence presented to it, misleading him concerning the statute of limitations, telling him not to hire an attorney, failing to conduct a prompt investigation, refusing to attempt to settle his claim when liability was reasonably clear, withholding policy benefits, forcing PLAINTIFF to liquidate assets, enroll in Medi-Cal, receive calls from collection agencies, accuse PLAINTIFF of attempting to interfere with subpoenas without grounds, damaging his professional reputation by DEFENDANT's agents harassing and threatening his co-workers, and ultimately reducing their payment after the arbitration, in violation of the agreement of the parties.

Complaint ¶ 56.

Plaintiff fails to sufficiently allege extreme or outrageous conduct to state a claim for intentional infliction of emotional distress. His allegations assert conduct to delay or deny insurance benefits, including misleading him about the statute of limitations and advising him against obtaining the services of an attorney, which are insufficient to

7

properly assert a claim. See Coleman v. Republic Indemnity Ins. Co., 132 Cal.App.4th 403, 417 (2005). Additionally, Plaintiff's allegations of intentional conduct are conclusory and insufficient to state a claim. Accordingly, Defendant's motion to dismiss the intentional infliction of emotional distress claim is GRANTED.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the intentional infliction of emotional distress claim and **DENIED** as to the negligent infliction of emotional distress claim;

2. If Plaintiff wishes to file an amended complaint to address the deficiencies noted above, he shall file a First Amended Complaint **on or before November 9, 2018**.

DATED: September 25, 2018

JOHN A. HOUSTON
United States District Judge